Billy Wayne **POWERS**, Appellant,

v.

**STATE** of Texas, Appellee.

No. 11–05–00089–CR.

Court of Appeals of Texas, Eastland.

Jan. 25, 2007.

Fred I. Franklin, Jr., Brownwood, for Appellant.

Micheal Murray, Dist Atty., Perry B. Sims, Asst. Dist, Atty's Office, Brownwood, for Appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and HILL, J.[1]

## OPINION

JIM R. WRIGHT, Chief Justice.

Billy Wayne Powers appeals his conviction by a jury for the offense of felony driving while intoxicated. The jury, finding enhancement allegations to be true, assessed Powers's punishment at forty years in the Texas Department of Criminal Justice, Institutional Division. In three issues on appeal, Powers contends the following: (1) that the trial court erred by admitting evidence of the results of an intoxilyzer test because he did not consent to the performance of the test; (2) that the

---

1. John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.

trial court erred in refusing his requested instruction relating to the voluntariness of consent to give a breath sample; and (3) that the trial court erred in overruling his objections to questions asked of a Brownwood police officer about the application of parole laws regarding the time an inmate may serve in the penitentiary. We affirm.

Powers contends in issue one that the trial court erred by admitting evidence of an intoxilyzer test because he did not consent to the performance of the test. After arresting Powers and after all appropriate advisories had been given, the Brownwood Police administered an intoxilyzer test that showed Powers had an alcohol concentration of 0.191. Powers's counsel objected to the introduction of the results of the intoxilyzer test into evidence, in part on the basis that the test was taken without consent. Troy Carroll, a corporal supervisor with the Brownwood Police Department, testified that he had asked for a specimen of Powers's breath prior to administering the intoxilyzer test and that Powers agreed. Corporal Carroll acknowledged that Powers requested a blood test, but Corporal Carroll maintained that Powers agreed to the taking of a breath specimen rather than the blood test. A partial videotape of the request procedure showed that, when first asked if he would give a sample of his breath, Powers replied that he would rather give a blood test. The videotape also showed that Powers answered, "Yes," when asked a second time. However, immediately thereafter, Powers said, "I don't believe a breath test is legal, I'll give a blood test." Corporal Carroll also asserted that, in the course of his administering the intoxilyzer test to Powers, it appeared that he was voluntarily cooperating and providing him with a breath test. In view of the evidence that Powers agreed to the taking of the breath test, we hold that the trial court did not err in admitting evidence concerning the results of the intoxilyzer test. We overrule issue one.

Powers asserts in his second issue that the trial court erred when it refused his requested instruction relating to the voluntariness of his consent to give the breath test. Where the evidence raises an issue as to whether admitted evidence was obtained illegally, the jury is to be instructed to disregard the evidence if it finds that it was so obtained. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005). We have reviewed the entire record including the videotape made after Powers's arrest. After the officer advised Powers of his rights regarding the giving of a specimen of his breath, the following appears on that videotape:

OFFICER: I am now requesting a specimen of your breath. Mr. Powers, will you give a specimen of your breath?

POWERS: Yes, but I'd rather give a blood test.

OFFICER: Okay, but will you give a specimen of your breath?

POWERS: Yeah.

OFFICER: Okay. Subject—Okay.

POWERS: I don't believe a breath test is legal, but I'll give a blood test.

Powers consented not once, but twice, to give a specimen of his breath. While he might have expressed his preference for a blood test, Powers nevertheless consented to give a specimen of his breath. The officer who gave the breath test testified that Powers was voluntarily cooperating during the administration of the test. The only other evidence in the record regarding the breath test is the videotape. We do not believe that the evidence raised an issue as to whether the breath test was obtained illegally. Powers's comment that he did not think that a breath test was legal was not a withdrawal of his twice-

given consent but, rather, was a continued reflection of his opinion and belief that a blood test was better than a breath test. The trial court did not err when it refused to give the requested instruction on whether Powers voluntarily consented to the breath test. We overrule Powers's second issue on appeal.

■ In his third issue, Powers argues that the trial court erred in overruling his objections to questions asked of a Brownwood police officer about the application of parole law regarding the time an inmate might serve a sentence in the Texas Department of Criminal Justice, Institutional Division. The witness was allowed to testify that someone sentenced to a specific number of years in the Texas Department of Criminal Justice would be confined for an amount of time that could be less than the number of years for which he or she was sentenced. The witness also testified that, if someone commits subsequent offenses and is convicted of those offenses and re-sentenced to the Texas Department of Criminal Justice on those new offenses, then he or she must have been released at some point in order to get out and commit those new offenses. Powers's counsel objected to this evidence on the basis that the witness, Dennis Weathermon, a Brownwood police sergeant with thirty-five years of experience as a certified peace officer, was not qualified to testify as an expert and that the testimony was not relevant. After the trial court sustained the objection, Sergeant Weathermon testified that he was familiar with how the parole system works in the State of Texas. Powers's counsel then objected to the evidence on the basis that any instruction on parole law should come from the court and that such testimony was irrelevant and improper.

■ The trial court's decision concerning the relevance of testimony presented is based upon an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim.App.1991). We are not to intercede if the trial court's ruling was within the zone of reasonable disagreement. *Id.* The indictment contained allegations of four prior DWI convictions. In the first, a conviction from Callahan County, Powers was sentenced to serve six years in the Texas Department of Criminal Justice, Institutional Division, beginning April 2, 1997, for an offense committed on August 11, 1996. In the second, a conviction from Eastland County, Powers was sentenced to serve five years in the Texas Department of Criminal Justice, Institutional Division, beginning on July 24, 1991, for an offense committed on March 16, 1991. In the third, a conviction from Hamilton County, Powers was sentenced to serve three years beginning May 26, 1987, for an offense committed on March 5, 1987. In the fourth, a conviction from Taylor County, Powers was sentenced to serve three years beginning on October 6, 1989, for an offense committed on July 23, 1989. Two of those convictions, the one in Taylor County and the one in Eastland County, were for offenses committed at a time when Powers would have been in the penitentiary serving prior sentences if he were serving the full punishment assessed. We find Sergeant Weathermon's testimony relevant to explain to the jury that Powers could have been convicted of those offenses because he would not necessarily have been in the penitentiary at the time those offenses were committed. Consequently, we hold that the trial court did not abuse its discretion in admitting the testimony. There is no allegation by Powers that the State in any way sought to apply the parole law to him. We overrule issue three.

The judgment is affirmed.

JOHN G. HILL, Justice, dissenting.

I respectfully dissent because the trial court erred in refusing to give the request-

ed instruction on whether Powers voluntarily consented to the breath test. I agree with the majority that Powers twice consented to a breath test, after expressing his preference for a blood test, before stating, "I don't believe a breath test is legal, but I'll give a blood test." The majority concludes that this evidence failed to raise an issue that the breath test was involuntary because "it was not a withdrawal of his twice-given consent but, rather, was a continued reflection of his opinion and belief that a blood test was better than a breath test." I believe that it could reasonably be argued, and a jury could reasonably find, that Powers's final statement was an inartful way of declining the breath test in favor of a blood test. Because I feel that the trial court erred by not giving an instruction on an issue that was raised by the evidence and that the failure to give such an instruction was harmful to Powers, I would sustain Powers's second issue on appeal, reverse the judgment of the trial court, and remand for a new trial.